## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| **WILLIE HOLLOWAY** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:14-cv-14011** |
| | ) | |
| **I.C. SYSTEM, INC.** | ) | |
| Defendant, | ) | |
| | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.    INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Willie Holloway, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and the invasion of Plaintiff's personal privacy by this Defendant and its agents in their illegal efforts to try to collect an alleged debt from Plaintiff.

1

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before, "[A]ny appropriate United States district court

without regard to the amount in controversy," and also under 28 U.S.C. § 1337.


3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claim occurred here.  Since Defendant

transacts business here, personal jurisdiction is established.


## III.     PARTIES

4.  Plaintiff, Willie Holloway is a consumer, as that term is defined by 15 U.S.C. §

1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in

Essex County, in the state of Massachusetts.


5.  Defendant, I.C. System, Inc. is a collection agency and foreign corporation engaged in

the business of collecting debt in this state with its principal place of business located in

Ramsey County, in the state of Minnesota.


6.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses

instrumentalities of interstate commerce or the mails in any business, the principal

purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   FACTUAL ALLEGATIONS

8.  Sometime before October 28, 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to

judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5); namely a telecommunications related debt.

11.  Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to October 28, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Within one year prior to the filing of this complaint, during April of 2014, Defendant called Plaintiff's cellular telephone number, for which the telecommunications carrier was MetroPCS Communications, Inc.  Defendant was looking for someone who was not Plaintiff; his mother.  Plaintiff's mother had allegedly provided Plaintiff's phone number to Defendant as their telephone number.  Defendant knew that every time it established contact at Plaintiff's phone number, it reached Plaintiff, not the person it was looking for. However, by and through its conduct, it displayed it would continue to call him to try to collect the alleged debt.  Defendant, in late May of 2014, called in excess of the maximum of two (2) allowable calls under Massachusetts law to an alleged debtor in a seven (7) day span of time during its attempts to collect an alleged debt from Plaintiff; unreasonably and unfairly invading his privacy by intruding upon his seclusion, and also violating Massachusetts state law.  These calls by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and the conduct by Defendant was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1), §1692d, and §1692f, as well as in violation of Massachusetts state law.

## SUMMARY

13.  All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant I.C. System, Inc. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.  The above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant I.C. System, Inc. also constituted an invasion of Plaintiff's privacy by intrusion upon his seclusion.

14.  The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA; and also constituted an invasion of Plaintiff's privacy by intrusion upon his seclusion.

15.  As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

16.  Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of emotional distress, frustration, upset, amongst other negative emotions, as well as in the form of an invasion of Plaintiff's privacy by intrusion upon his seclusion.

17.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## RESPONDEAT SUPERIOR LIABILITY

18.  The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant I.C. System, Inc. who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant I.C. System, Inc.

19.  The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant I.C. System, Inc. in collecting consumer debts.

20.  By committing these acts and omissions against Plaintiff, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant I.C. System, Inc.

21.  Defendant I.C. System, Inc. is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## V.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS

22.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

26.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.  At all relevant times, Defendant was engaged in trade or commerce.

28.  Defendant's telephone calls were an attempt to collect a debt incurred primarily for personal, family, or household purposes from Plaintiff.

29.  Defendant's collection calls to Plaintiff were of unreasonable frequency of more than two (2) calls in any seven (7) day period.  *See* 940 code Mass. Regs. § 7.04(1)(f); *see also* M.G.L. c. 93, § 49(c).

30.  Defendant knowingly and willfully attempted to collect a debt in an unfair, deceptive, or unreasonable manner, including but not limited to the acts described above.

31.  On July 7, 2014, Plaintiff, via his attorney at the time, delivered via Certified U.S. Mail a letter demanding settlement pursuant to M.G.L. 93A § 9 to Defendant's General Counsel and Chief Compliance Officer, which Defendant, by and through its General Counsel and Chief Compliance Officer, confirmed receipt of on July 21, 2014, and confirmed that it had reviewed on July 22, 2014.  Defendant declined to make a reasonable settlement offer on July 22, 2014.

32.  As a result of these calls Plaintiff suffered mental and emotional damages including inconvenience, emotional distress, and mental anguish.

33.  As a result of the foregoing violations of Massachusetts state laws M.G.L. c. 93, § 49, and M.G.L. c. 93A, § 9, Defendant is liable to the Plaintiff for actual damages, or in the alternative $25.00 for each, unreasonable, unfair or deceptive debt collection attempt, whichever is greater.  *See* M.G. L. c. 93A § 9; doubling or trebling any damages awarded, *Id.*; costs and reasonable attorney's fees, *Id.*; and ordering such further relief as shall be just and proper; from Defendant herein.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

34.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

36.  In enacting both the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Plaintiff, and to place restrictions on

unsolicited telephone calls that are not for emergency purposes that are placed to individuals' home phones and cell phones for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not place any calls to the phones of a consumer in violation of FCC regulations.

37.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation</u> **to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

38.  Invasion of privacy is a recognized tort in the state of Massachusetts, under M.G.L. c. 214, § 1B.

39.  Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect an alleged debt from Plaintiff, and thereby invaded Plaintiff's privacy.

40.  Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by

unlawfully contacting his cell phone, without it being for emergency purposes, in excess

of the amount of times permissible to contact an alleged debtor in a seven day span of

time under Massachusetts law; and thereby invaded Plaintiff's right to privacy.  *See*

*Polay v. McMahon*, 468 Mass. 379, 282 (2014) (recognizing that statutory right to

privacy includes right to be free from intrusion into seclusion and solitude).


41.  Defendant and its agents intentionally and/or negligently caused emotional harm to

Plaintiff by engaging in highly offensive conduct in the course of trying to collect on the

alleged debt, which amounted to conduct to intentionally and maliciously harass, bother,

frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon

Plaintiff's right to privacy.


42.  Upon information and belief, Defendant and its agents had knowledge of both the

FDCPA and Massachusetts state law and what is lawful action under it prior to calling

Plaintiff, yet they continued to contact him in an illegal manner.


43.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion,

private concerns, and private affairs.


44.  The conduct of this Defendant and its agents, in engaging in the above-described

illegal debt collection conduct against Plaintiff, resulted in an intrusion and invasion of

privacy by this Defendant which occurred in a way that would be highly offensive to a

reasonable person in that position.

45.  All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

46.  As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent Massachusetts state law violations, and actual damages from Defendant for the invasion of Plaintiff's privacy by intrusion upon his solitude and seclusion; in respective amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Statutory damages from Defendant pursuant to both M.G.L. c. 93, §49 et seq., and

M.G.L. c. 93A, § 9 et seq.


D. Punitive damages.


E. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to both

15 U.S.C. § 1692k(a)(3) and M.G.L. c. 93A, § 9.


F. For such other and further relief as the Court may deem just and proper.


Dated:   October 28, 2014                    RESPECTFULLY SUBMITTED,
                                             By: /s/ Kevin Crick
                                             Kevin Crick, Esq.
                                             BBO:  680950
                                             Consumer Rights Law Firm, PLLC
                                             133 Main St., Second Floor
                                             North Andover, Massachusetts 01845
                                             Phone: (978) 420-4747
                                             Fax: (978) 409-1486
                                             kevinc@consumerlawfirmcenter.com
                                             **Attorney for Plaintiff Willie Holloway**